IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH ROGNET WALTON, # 284261, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.3:13cv831-WHA |
| ) | (WO) |
| WILLIE THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Kenneth Rognet Walton ("Walton") on November 4, 2013.¹ *Doc. No. 1*. Walton presents claims challenging his 2012 murder conviction in the Circuit Court of Russell County.² The respondents argue (*Doc. No. 11*) that Walton's petition is barred from review by the one-year limitation period for § 2254 petitions. *See* 28 U.S.C. § 2244(d). After review of the pleadings, evidentiary materials, and applicable law, the court

---

¹ Although Walton's petition was stamped as received in this court on November 12, 2013, it was signed by Walton on November 4, 2013. *Doc. No. 1* at 14.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Walton] signed it... ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

² Walton appears to allege that the trial court lacked jurisdiction because the Alabama Constitution of 1901 was never properly ratified and because his rights to due process and to be free from cruel and unusual punishment were violated. *Doc. No. 1* at 5, 16-26.

concludes that no evidentiary hearing is required and that Walton's petition should be denied as untimely.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On June 14, 2012, Walton pled guilty to murder and was sentenced as an habitual

felon to life imprisonment without the possibility of parole. *Resp'ts Ex. A* at 4. Two weeks later, on June 28, 2012, the trial court amended Walton's sentence to life imprisonment *with* the possibility of parole. *Id*. On August 27, 2012, Walton filed a notice of appeal. *Id*. at 5. However, on September 28, 2012, the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed. *Id*.; *Resp'ts Ex. C*. Thereafter, Walton filed no petitions for post-conviction relief in state court.

Because, on direct review, Walton's notice of appeal was untimely filed, his conviction became final on August 9, 2012 – i.e., 42 days after his June 28, 2012, sentencing – as this was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1); *Womack v. State*, 684 So.2d 167 (Ala. Crim. App. 1995) (Rule 4(b)(1) of the Alabama Rules of Appellate Procedure requires that notice of appeal be filed within 42 days after sentencing). Under 28 U.S.C. § 2244(d)(1)(A), then, the one-year period for Walton to file a § 2254 petition commenced on August 9, 2012. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Walton filed no petitions for post-conviction relief in state court. Therefore, he did not benefit from tolling under 28 U.S.C. § 2244(d)(2), and the federal limitation period ran unabated after August 9, 2012, expiring one year later on August 9, 2013. Walton filed this § 2254 petition on November 4, 2013 – 87 days after expiration of the one-year limitation period under § 2244(d)(1)(A).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) - (D) do not provide safe harbor for Walton such that the federal limitation period commenced on some date later than August 9, 2012. There is no evidence that any unconstitutional or illegal State action impeded Walton from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Walton presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The federal limitations period may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Walton appears to argue that he is entitled to equitable tolling because he was unaware of the AEDPA's one-year limitation period. *Doc. No. 14* at 1-2. However, a petitioner's ignorance of the law is an insufficient ground on which to equitably toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Thus, Walton

fails to establish his entitlement to equitable tolling.

Here, the one-year limitation period in § 2244(d) expired on August 9, 2013. Because Walton did not file his § 2254 petition until November 4, 2013, his petition is time-barred and this court may not address the merits.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before February 12, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 29th day of January, 2016.

                                 /s/ Susan Russ Walker
                                 SUSAN RUSS WALKER
                                 CHIEF UNITED STATES MAGISTRATE JUDGE